LAWRENCE BREWSTER, Regional Solicitor
BRUCE L. BROWN, Assoc. Reg. Solicitor
Washington Bar. No. 18844
EVAN H. NORDBY, Trial Attorney
Washington Bar No. 35937
nordby.evan@dol.gov
Office of the Solicitor, U.S. Dep't of Labor
1111 Third Avenue, Suite 945
Seattle, WA 98101
Phone (206) 553-0940
Fax (206) 553-2768

DANIEL CHASEK, Acting Assoc. Reg. Solicitor
California Bar No. 186968
chasek.daniel@dol.gov
Office of the Solicitor, U.S. Dep't of Labor
350 So. Figueroa St., Suite 370
Los Angeles, CA 90071
Phone (213) 894-4980
Fax (213) 894-2064

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,[1]<br><br>Plaintiff,<br>vs.<br><br>RBR MEAT COMPANY, INC., a California corporation,<br><br>Defendant. | Case No.: CV-08-06180 SVW (RCx)<br><br>**CONSENT JUDGMENT** |

      Plaintiff has filed her Complaint and Defendants have appeared and, without admitting the truth of any of the allegations in the Complaint, have agreed to the entry of this Judgment without contest.

---

[1] Hilda L. Solis was confirmed as Secretary of Labor on February 24, 2009, and is substituted as Plaintiff in this action. See Fed. R. Civ. P. 25(d)

RBR MEAT COMPANY, INC., CONSENT JUDGMENT

-1-

1    It is, therefore, upon motion of the Parties, and for cause shown:

2                                                    I

3    **ORDERED**, that Defendant, its officers, agents, servants, employees and those persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating the provisions of § 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219), hereinafter called "the Act," in the following manners:

8    **Defendant shall not**, contrary to § 7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed, and

14   **Defendant shall not**, contrary to § 11 of the Act, fail to make, keep and preserve records of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said § 11(c) at 29 C.F.R. Part 516.

18                                                   II

19   **IT IS FURTHER ORDERED** that the Plaintiff recover from Defendant the sum of $**15,776.25** in back wages and liquidated damages for Defendant's employees, as listed and allocated in the attached Exhibit A.

22   Payment is to be made by check to each individual employee, less any customary payroll deductions.  Defendant will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state

or local taxes. Said payments shall be delivered directly to each employee. All payments must be made within 30 days of the entry of this Order.

Defendant shall, within 30 days of the entry of this order, provide Plaintiff with a list of checks sent out pursuant to the above paragraph. The list shall show the payee's name, address and telephone number, the gross amount paid each individual, and the deductions taken from the gross amount for each individual. Within 90 days of the entry of this order Defendant shall provide Plaintiff with copies of the front and back of each check that has been negotiated as of that date, or with proof of electronic payment for any employees paid electronically.

Any monies due under this Order which have not been negotiated by the appropriate employees within 100 days of the issuance of the check (due to Defendant's inability to locate said employee, to the employee's failure to negotiate the check within 90 days of issuance, or for any other reason) shall be combined and issued in certified check form, payable to the U.S. Department of Labor, and shall be mailed to:

> **U.S. Department of Labor**
> **Wage Hour Division**
> **100 N. Barranca Ave., #850**
> **West Covina, CA 91791**

The check shall be accompanied by a letter identifying the case name as <u>Chao v. RBR Meat Company, Inc.</u>, and include the employer's tax identification number. The check shall be in the net amount accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers, and the legal deductions made from the gross amounts due. Defendant will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes. Plaintiff shall then distribute

1  the monies paid by Defendant under this Judgment to the employees identified in
2  Exhibit A or their estates if that is necessary.  Any money not so paid within three
3  years because of inability to locate said employees or because of their refusal to
4  accept said proceeds shall be deposited forthwith with the Treasury of the United
5  States pursuant to 28 U.S.C. § 2041.
6      If there is a default in the payment (to the affected employee or to the Wage-
7  Hour Division of the U.S. Department of Labor as set forth above) of the checks of
8  more than 20 days, each affected employee shall be paid an additional penalty of
9  ten percent of the gross amount due that employee.

### III

11  **IT IS FURTHER ORDERED** that if the Defendant fails to make the
12  payments as set forth above, the Court shall appoint a Receiver. Plaintiff shall
13  provide the Court with the names of potential Receivers. The Court may appoint
14  the Receiver from those offered by the Secretary or may appoint another Receiver
15  at its discretion.
16      Defendant shall produce to the Court appointed Receiver all books and
17  records and any other information the Receiver requires to carry out the provisions
18  of this Judgment. In addition, the defendants shall submit to a sworn accounting by
19  an independent certified public accountant and/or the Receiver, and shall testify if
20  the accountant or Receiver so decides.
21      The Receiver shall serve until the payment of the monetary terms of this
22  Judgment are satisfied. Defendant shall bear the full costs and expenses of the
23  Receiver and any accountant retained pursuant to the terms of the above paragraph.
24      The Receiver shall have full authority to: collect the Defendant's assets and
25  report his/her findings to the Court and the parties; to redeem and/or liquidate the

RBR MEAT COMPANY, INC., CONSENT JUDGMENT

1  Defendant's assets and turn over the proceeds to the Secretary; if the asset is a debt
2  that is due, to collect it and turn over the proceeds to the Secretary; to analyze all
3  transfers of the Defendant's assets; to prevent waste or fraud; and to do all acts and
4  take all measures necessary or proper for the efficient performance of the duties
5  under this Judgment and Order.

### IV

7  **IT IS FURTHER ORDERED** that the rights of any of the Defendant's
8  employees or ex-employees not specifically mentioned in Exhibit A to this
9  Judgment, to back wages under the Act, are neither affected nor extinguished by
10 this Judgment and neither party to the action intends or contemplates that the
11 Judgment entered in this action will affect such rights if any.

### V

13 **IT IS FURTHER ORDERED** that each party shall bear its own fees and
14 other expenses incurred by such party in connection with any stage of this
15 proceeding.

17 DATED this 23rd day of July, 2009.

    _____
    STEPHEN V. WILSON
    UNITED STATES DISTRICT JUDGE

RBR MEAT COMPANY, INC., CONSENT JUDGMENT

Presented by:

**UNITED STATES DEPARTMENT OF LABOR**

Carol A. DeDeo
Deputy Solicitor for National Operations

Lawrence Brewster
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor

By: /s/ Evan H. Nordby
Evan H. Nordby
Trial Attorney

Dated: 7/20/09

Entry of this Judgment is hereby consented to:

**RBR MEAT COMPANY, INC.**

By: /s/ Irwin Miller

Name (print): Irwin Miller

Title: Pres
RBR Meat Company, Inc.

Dated: 3/18/09

RBR M<small>EAT</small> C<small>OMPANY</small>, I<small>NC</small>., C<small>ONSENT</small> J<small>UDGMENT</small>

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Approved as to Form

By: _____

Dax B. Deason, Esq.
Deason Law Group, P.C.
650 N. Sam Houston Pkwy E.
Suite 510
Houston, TX 77060
Attorney for RBR Meat Company, Inc

Dated: 07-01-2009

RBR M<small>EAT</small> C<small>OMPANY</small>, I<small>NC</small>., C<small>ONSENT</small> J<small>UDGMENT</small>

-7-

## EXHIBIT A

| Name | Period covered by Work Week Ending Dates | Gross Amounts Due |
|---|---|---|
| Alatorre, Gonzalo | 05/12/2007 to 03/15/2008 | $492.83 |
| Andrade, Miguel | 10/06/2007 to 03/29/2008 | $58.60 |
| Andrade, Victor | 10/07/2006 to 02/23/2008 | $397.14 |
| Barrera, Marino | 11/10/2007 to 03/29/2008 | $166.66 |
| Benitez, Hector | 08/18/2007 to 10/20/2007 | $86.93 |
| Carrasco, Roberto | 07/14/2007 to 10/13/2007 | $218.88 |
| Castaneda, Felix | 08/18/2007 to 03/01/2008 | $84.04 |
| Chavez, Jaime | 11/03/2007 to 04/05/2008 | $210.14 |
| Cirilo, Benito | 07/28/2007 to 04/12/2008 | $176.97 |
| Cruz, Alberto Silva | 07/14/2007 to 04/12/2008 | $564.30 |
| Del Toro, Salvador | 07/14/2007 to 04/12/2008 | $485.83 |
| Feliz, Juan Pablo | 07/21/2007 to 08/18/2008 | $58.99 |
| Gaytan-Munoz, Raul | 09/30/2006 to 04/12/2008 | $502.20 |
| Gonzales, Armando | 12/09/2006 to 04/12/2008 | $1,247.57 |
| Gonzalez, Jesus | 12/09/2006 to 04/12/2008 | $1,356.20 |
| Hernandez, Francisco | 07/14/2007 to 04/12/2008 | $810.59 |
| Hinojosa, Juan | 06/23/2007 to 10/06/2007 | $692.69 |
| Martinez, Hilario | 12/02/2006 to 04/05/2008 | $388.79 |
| Molina, Elmer | 08/18/2007 to | $176.97 |
| Montiel, Alfonso | 12/09/2006 to 03/22/2008 | $189.53 |

RBR M<small>EAT</small> C<small>OMPANY</small>, I<small>NC</small>., C<small>ONSENT</small> J<small>UDGMENT</small>

| Name | Period covered by Work Week Ending Dates | Gross Amounts Due |
|---|---|---|
| Morales, Carmelo | 03/10/2007 to 04/12/2008 | $222.50 |
| Munoz, Frank | 09/30/2006 to 04/12/2008 | $1,402.94 |
| Nunez, Luis Alonzo | 03/03/2007 to 04/12/2008 | $452.31 |
| Perez, Nicolas | 11/18/2006 to 04/05/2008 | $195.36 |
| Ramirez, Genaro | 08/25/2007 to 08/25/2007 | $43.47 |
| Rodriguez, Alfredo B. | 07/14/2007 to 10/20/2007 | $86.93 |
| Rosales, Matias | 09/23/2006 to 03/22/2008 | $1,523.56 |
| Rosas, Jose Angel | 09/23/2006 to 04/12/2008 | $706.85 |
| Saucedo, Victor M. | 07/28/2007 to 01/12/2008 | $63.65 |
| Silva, Miguel | 09/23/2006 to 04/12/2008 | $1,137.41 |
| Solis, Daniel | 12/02/2006 to 04/12/2008 | $1,284.25 |
| Tello, Alejandro | 09/30/2006 to 02/23/2008 | $180.94 |
| Tovar, Alberto | 01/19/2008 to 03/08/2008 | $110.22 |
| | | |
| **TOTAL** | | **$15,776.25** |

RBR M<small>EAT</small> C<small>OMPANY</small>, I<small>NC</small>., C<small>ONSENT</small> J<small>UDGMENT</small>